Bissell, J.
It is universally agreed, that as against existing creditors, a debtor may not make a voluntary conveyance. To bring' the case within this well recognized principle it must be shown by both allegation and proof that the debt to which the property is said to be subject existed at the time of the conveyance, unless there be present an intention to defraud creditors, whose rights are shortly expected to arise, and whose rights may thereafter supervene. Wilcoxen v. Morgan, 2 Colo. 473; Sexton v. Wheaton, 8 Wheat. 229; Jackson v. Jackson, 91 U. S. 122.
As against Anthony Arnett it is tolerably clear that Coffey’s claim did exist prior to the time of the several conveyances which he made. While no evidence whatever was offered upon that subject, other than what may be drawn from the record of the case of Coffey v. Arnett, as against him, this seems to be ample for the purpose. In that suit an issue was fairly tendered as tó the time and manner in which Arnett acquired the title to Coffey’s one-twelfth interest in •the lode. From the verdict in that case it must be assumed that Arnett took the title in trust and under an obligation to reconvey when he received the government patent. This obligation existed in 1873, prior to the date of the various *38 conveyances which he made. In cases, where the judgment is silent, as to the issue upon which it-was rendered,.it is entirely competent to resort to the pleadings for the purpose of determining what issue was tendered, and which may be said to be conclusively settled by the- judgment. Hinde's Lessee v. Longworth, 11 Wheat. 199.
This does not enable the plaintiff to recover. In the absence of any other proof than what is furnished by this judgment and the pleadings the complainant, as against ■ Mrs. Arnett, still remains a subsequent creditor. According to his own allegations the various deeds from Mr. Arnett, and the mesne conveyances which vested the title in Mrs. Arnett all antedated the judgment: and while the pleadings in that suit may, as against Arnett, demonstrate 'that the plaintiff was a creditor prior to these various transfers, they do not now avail as against the wife who was not a party to the record. When, therefore, it appeared from the plaintiff’s own proof that Mrs. Arnett acquired title- may years prior to the rendition of judgment, he was- bound to show as against her, by-competent testimony, that he was a creditor before the date on which she acquired title. Miller etc. v. Johnson et al., 27 Md. 6.
The right of a-judgment creditor to come into a court of ■equity to remove a fraudulent obstruction to the collection of his judgment, and to enforce a claim against property •which ought to be subject thereto, is well established. But ■in a case- like the present it is requisite that the judgment shall -be made a lien upon the property which is to be subjected to it. Where the writ is thus operative the lien may possibly be acquired by the execution, but otherwise the judgment must be either a lien under the statute when entered, or must be made one by the taking of those steps which the statute points out. That in some way the lien must be •acquired and exist at the time that the bill is filed is clearly settled. Barnes v. Beighly, 9 Colo. 475; Newnan et al. v. Willetts, 52 Ill. 98; Miller et al. v. Davenson, 3 Gilman, 513; *39 Cornell v. Radway et al., 22 Wis. 260; Stock Growers Bank v. Newton, 13 Colo. 245; Evans v. Hill, 18 Hun 464.
Under the statutes existing in this state at the time Coffey. recovered his judgment in 1888, the judgment creditor could only obtain a lien on realty by filing a transcript of the docket with the recorder of the count_y. While equitable interests may undoubtedly be subjected to execution, and the title which the purchaser obtains may be made the subject of a bill to remove a cloud upon his title or to obtain a decree which shall establish his right to the property, these proceedings seem to be wholly unnecessary, provided the creditor makes his judgment a lien according to the form and course of the statute. McFarran v. Knox et al., 5 Colo. 217; 13 Colo, supra; Bobb v. Woodward et al., 50 Mo. 95.
Since the creditor pursued neither of those courses, and neither had the execution levied upon the interest and the interest sold and the title transferred to him, nor took the necessary steps to make the judgment a lien, he was wholly without right to the relief which he sought.
All bills filed for relief on the ground of fraud must, in this state, be filed within three years of the date at which the fraud was discovered. When the time is limited by statute all the authorities concur in holding that the complaint must state when the fraud was discovered, and that this averment must be supported by sufficient proof. Pipe v. Smith, 5 Colo. 146; Carr v. Hilton, 1 Curtis’s C. C. 390; Sublette v. Tinney, et al., 9 Cal. 424.
The averments must be distinct, full and specific, not only as to the time when the fraud was discovered, but also as to the nature and character of the discovery, and the facts which were ascertained. These allegations and competent proof upon the subject are alike requisite to the maintenance of the action. De Mares v. Gilpin, 15 Colo. 7; Wood v. Carpenter, 101 U. S. 135; Manning v. San Jacinto Tin Co., 7 Sawyer 418.
Tested by these rules the plaintiff is absolutely without right of recovery. He filed his bill to set aside the various *40 transfers made by Arnett on tbe ground of fraud, and in order to maintain his action at the time lie brought it alleged that he discovered the fraud within three months of the commencement of his.case. Issue was taken upon this allegation. The plaintiff produced no evidence in support of it. The record is absolutely silent upon this proposition. And since, under the law established by the foregoing authorities, both the averment and the proof are indispensable, it follows that the plaintiff is without right of recovery upon the case which he made. The judgment must be reversed.
Reversed.